**BAR HARBOR BANKING & TRUST COMPANY**

v.

**Barbara Reid ALEXANDER, Superintendent, Bureau of Consumer Protection, Department of Business Regulation, State of Maine.**

Supreme Judicial Court of Maine.

Feb. 4, 1980.

Faton, Peabody, Bradford & Veague, John E. McKay (orally), Raymond M. Beck, Bangor, for plaintiff.

Peter B. Bickerman (orally), Linda M. Pistner (orally), Asst. Attys. Gen., Civ. Div., Augusta, for defendant.

Before McKUSICK, C. J., and WERNICK, GODFREY, NICHOLS and GLASSMAN, JJ.

GLASSMAN, Justice.

Barbara Reid Alexander, the Superintendent of the Bureau of Consumer Protection, and, in that capacity, the administrator of the Maine Consumer Credit Code, 9–A M.R.S.A. §§ 1.101–7.127 (Supp.1979–80), appeals from a temporary restraining order issued on December 6, 1979 by the Superior Court, Hancock County, which enjoined a public hearing set for December 10, 1979. The appellant had scheduled this administrative hearing pursuant to 9–A M.R.S.A. § 6.108 to determine whether the appellee, Bar Harbor Banking & Trust Company, had violated 9–A M.R.S.A. § 2.504 which regulates permissible finance charges on refinanced consumer credit transactions.

On December 4, 1979, the appellee filed a complaint in the Superior Court, seeking declaratory and injunctive relief against the appellant on the ground that a prior advisory ruling issued by the appellant, which the appellee believed would be applied against it in the administrative proceeding, was an incorrect interpretation of 9–A M.R.S.A. § 2.504. The complaint was accompanied by a motion for a temporary restraining order. Following a non-testimonial hearing at which counsel for both parties participated, the Superior Court granted this motion, issued a temporary restraining order and scheduled for January 3, 1980 a hearing on the appellee's request for a preliminary injunction. On December 7, 1979, the appellant filed in the Law Court motions for an expedited appeal and for stay or dissolution of the temporary restraining order pending appeal under M.R.Civ.P. 62(g).[1]

---

1. M.R.Civ.P. 62(g) provides:

    The provisions in this rule do not limit any power of the Law Court during the pendency of an appeal to suspend, modify, restore, or grant an injunction or to make any order appropriate to preserve the status quo or the

This Court granted an expedited appeal and ordered that the Rule 62(g) motion be consolidated for argument with the merits. Following oral argument, we exercised our authority under Rule 62(g) to dissolve the temporary restraining order and to stay further proceedings in the Superior Court pending the outcome of this appeal. ·

This case raises fundamental questions concerning the proper relationship between administrative agencies and the courts and concerning the justiciable controversy limitation on the jurisdiction of the judicial department. Our. threshold inquiry is whether we should entertain this appeal in its present procedural posture.

## I

In clear and unmistakable language, article III of the Maine Constitution mandates the allocation of the power of governance among three independent branches of government:

> Section 1. The powers of this government shall be divided into three distinct departments, the legislative, executive and judicial.
>
> Section 2. No person or persons, belonging to one of these departments, shall exercise any of the powers properly belonging to either of the others, except in the cases herein expressly directed or permitted. Me.Const. art. III, §§ 1, 2.

Under our state constitution, therefore, "[e]ach of the three departments being independent, as a consequence, are severally supreme within their legitimate and appropriate sphere of action." *Ex parte Davis*, 41 Me. 38, 53 (1856). "Laws passed under the authority of the constitution have designated the powers to be exercised by the respective departments, where any particular designation has been found necessary; and where such designation has been made, the power thus designated becomes one properly belonging to the department to which it has been given." *Bamford v. Melvin*, 7 Me. 14, 17 (1830).

Article VI of the Maine Constitution provides: "The judicial power of this State shall be vested in a Supreme Judicial Court, and such other courts as the Legislature shall from time to time establish." Me. Const. art. VI, § 1. With the exception of opinions issued on solemn occasions under article VI, Section 3, of the Constitution, the judiciary in this state is not empowered to render advisory opinions. *Chandler v. Dubey*, Me., 378 A.2d 1096, 1099 (1977). The jurisdiction of the Supreme Judicial Court, when sitting as the Law Court, is entirely statutory. *In re Spring Valley Development*, Me., 300 A.2d 736, 754 (1973). The statute governing the jurisdiction of the Law Court is 4 M.R.S.A. § 57 which grants this Court jurisdiction to review, *inter alia*, "all questions arising in cases in which equitable relief is sought." *Id.*

Although it is clear that the propriety of granting a temporary restraining order to enjoin an administrative hearing is a question "arising in cases in which equitable relief is sought," *id.*, the interlocutory nature of the order of which review is sought raises the issue whether the "final judgment rule" precludes our exercise of jurisdiction over this appeal. Traditionally, we have declined jurisdiction in actions where no final judgment has been entered unless the case falls within a recognized exception or is otherwise excluded from the operation of the rule by statute. *Maine Central Railroad v. Bangor & Aroostook Railroad*, Me., 395 A.2d 1107, 1112 (1978); *Hazzard v. Westview Golf Club, Inc.*, Me., 217 A.2d 217, 222 (1966). This judicially imposed prudential rule advances the interest of judicial economy and avoids piecemeal review. *See, e. g., In re Spring Valley Development, supra*, 300 A.2d at 754. *See generally* 2 R. Field, V. McKusick & L. Wroth, Maine Civil Practice § 73.1 (2d ed. 1970). In dicta, we have noted that injunctions may represent an exception to the final judgment rule. *See Maine Central Railroad v. Bangor &*

---

effectiveness of the judgment subsequently to be entered.
This rule is merely declarative of the inherent power of the Law Court to act as justice re-

quires to preserve the status quo or the effectiveness of a judgment. 2 R. Field, V. McKusick & L. Wroth, Maine Civil Practice § 62.7 (2d ed. 1970).

*Aroostook Railroad, supra,* 395 A.2d at 1112 n.5; *Blaney v. Rittall,* Me., 312 A.2d 522, 525 n.2 (1973); *Hazzard v. Westview Golf Club, Inc., supra,* 217 A.2d at 222. To date, however, this Court has yet to consider the issue squarely. *See generally* 2 Field, McKusick & Wroth, *supra,* § 73.3.

This case does not come within the "collateral order" exception to the final judgment rule recognized by this Court in *Northeast Investment Co. v. Leisure Living Communities, Inc.,* Me., 351 A.2d 845, 847–49 (1976). Unlike an attachment or the posting of security, a temporary restraining order does not fix the parties' rights during the pendency of the action but exists only for such time as is necessary to allow the parties to be heard on the motion for preliminary injunction. This case also does not fall within the exception noted by this Court in *Moffett v. City of Portland,* Me., 400 A.2d 340 (1979). In *Moffett,* the Court granted interlocutory review of the denial of a preliminary injunction, concluding that an exception to the final judgment rule is recognized "where substantial rights of a party will be irreparably lost if review is delayed until final judgment." *Id.* at 343 n.8. Here, unlike *Moffett* where the denial of the requested relief effectively mooted the plaintiffs' claim, the postponement of the administrative hearing does not dispose of the underlying dispute or vitiate a right of the agency.

Although the instant case comes within no previously articulated exception to the final judgment rule and is not otherwise excluded from the operation of the rule by statute,[2] we are not precluded from fashioning an exception on the facts of this case. *See Maine Central Railroad v. Bangor & Aroostook Railroad, supra,* 395 A.2d at 1113. The constitutionally mandated separation of powers forbids precipitous injunctive interference with the legitimate, ongoing executive function. *See Ex parte Davis, supra,* 41 Me. at 53; *Bamford v. Melvin, supra,* 7 Me. at 17. Moreover, judicial interference with apparently legitimate executive department activity not only disrupts the administrative process but also encourages the circumvention of statutorily authorized investigation and enforcement mechanisms. To avoid this result and to safeguard the separation of powers, we will review this temporary restraining order issued to restrain a state administrative agency from holding a hearing pursuant to a statute which on its face grants the agency authority to conduct such a hearing.

## II

Turning to a review of the merits of this appeal, we conclude the issuance of the temporary restraining order was erroneous as a matter of law and the Justice abused his discretion in issuing the order.

The functions of the appellant under the Maine Consumer Credit Code are within the scope of the doctrine of primary jurisdiction. In *State ex rel. Brennan v. R. D. Realty Corp.,* Me., 349 A.2d 201 (1975), we recognized this doctrine as expressing a judicial policy of "not decid[ing] an issue concerning which an administrative agency has decision capacity until after the agency has considered the issue."[3] *Id.* at 207. In ap-

2. We reject the appellant's suggestion that the jurisdictional base for this appeal prevents application of the final judgment rule. Appellant's theory is that our jurisdiction is found in that portion of 4 M.R.S.A. § 57 granting the Law Court jurisdiction to hear motions to dissolve injunctions issued after notice and hearing. That provision of the statute has no application to temporary restraining orders. Indeed, we have found no case predicating review on this jurisdictional base. *See generally* 2 Field, McKusick & Wroth, *supra,* § 73.3.

3. In *Brennan* we discussed the distinction between the doctrine of primary jurisdiction and the closely related doctrine of exhaustion of administrative remedies:

"Primary jurisdiction" and "exhaustion of administrative remedies" are both closely allied in basic function and concept. Each rests on the premise that an agency has the primary authority to make certain decisions deemed relevant to the determination of the controversy.

"Exhaustion" emerges as a defense to judicial review of an administrative action not as yet deemed complete.

"Primary jurisdiction" determines whether the Court or the agency should make the initial decision. 349 A.2d at 206.

*See generally* K. Davis, Administrative Law Text § 20.01 (3d ed. 1972).

proving the use of this doctrine in *Wood-cock v. Atlass*, Me., 359 A.2d 69 (1976) (per curiam), we noted:

> The doctrine is designed to resolve the question of who should act first. Where the administration of a particular statutory scheme has been entrusted to an agency, the Court will postpone consideration of an action until the agency has made a designated determination if such postponement will protect the integrity of the statutory scheme. *Id.* at 71.

Although the doctrine of primary jurisdiction, expressing a preference for initial agency action, is bottomed on judicial deference to administrative expertise, it also furthers other important policy considerations such as avoiding advisory opinions and untoward disruption of the administrative process. *See generally* K. Davis, Administrative Law Text § 19.01 (3d ed. 1972).

Here it is undisputed that the appellant was authorized by the statutory scheme to conduct a hearing concerning possible violations of 9–A M.R.S.A. § 2.504. *See* 9–A M.R.S.A. § 6.108. The temporary restraining order issued in this case directly interfered with the performance by the agency of its statutory duties. Under such circumstances, the doctrine of primary jurisdiction forbids the issuance of such a restraining order.

■ The appellee predicated its action in the Superior Court upon 9–A M.R.S.A. § 6.408. That section provides:

> The validity or applicability of a *rule of advisory ruling* may be determined in an action for declaratory judgment in the Superior Court, if it is alleged that *the rule*, or its threatened application, interferes with or impairs, or threatens to interfere with or impair, the legal rights or privileges of the plaintiff as a creditor, consumer or potential consumer. The administrator shall be made a party to the action. A declaratory judgment may be rendered whether or not the plaintiff has requested the administrator to pass upon the validity or applicability of *the rule* in question. *Id.* (Emphasis added).

We have grave doubts as to the meaning of this section. The words "rule of advisory ruling" are unquestionably the result of a typographical error. The words could have been intended to read "rule or advisory ruling" or "rule on advisory rulings." The latter language is more consistent with the model law from which this statute is derived which allows challenges to the validity or applicability only of promulgated rules. Uniform Consumer Credit Code, 1968 Act (U.L.A.), § 6.408. This reading is also consistent with the balance of the text which requires an allegation that "the rule, or its threatened application, interferes with . . . the legal rights or privileges of the plaintiff . . . ." 9–A M.R.S.A. § 6.408. If the former reading were intended, the statute would pose serious constitutional problems since it would purport to authorize the Superior Court to render advisory rulings on hypothetical controversies. We repeat that aside from opinions properly rendered on solemn occasions, *see* Me.Const. art. VI, § 3, the judiciary has no power to issue advisory rulings and the legislature cannot authorize the judicial department to pass on hypothetical questions. *Chandler v. Dubey, supra*, 378 A.2d at 1099; *Shapiro Bros. Shoe Co. v. Lewiston-Auburn Shoeworkers Protective Ass'n*, Me., 320 A.2d 247, 251 n.7 (1974); *Jones v. Maine State Highway Comm'n*, Me., 238 A.2d 226, 228–29 (1968).

In any event, Section 6.408 cannot provide a basis for restraining administrative proceedings. Any other construction of this statute would eviscerate the doctrine of primary jurisdiction and the policy considerations underlying the doctrine. Because of the doubtful meaning of Section 6.408, the declaratory judgment action in the Superior Court must be stayed pending completion of the administrative process.

Even if the primary jurisdiction doctrine did not require dissolution of the temporary restraining order, the Justice abused his discretion because the appellee failed to show the irreparable harm that is a prerequisite to injunctive relief. The merger of

law and equity accomplished by our adoption of the Maine Rules of Civil Procedure is a procedural merger that did not change the substantive prerequisites to a grant of equitable relief. *See Greenlaw v. Rodick*, 158 Me. 440, 445, 185 A.2d 895, 898 (1962); M.R.Civ.P. 2. As noted in the standard treatise on equity jurisprudence in Maine,

> it may be said that the attitude of our Maine court upon the subject of injunction is conservative. The writ of injunction is declared to be an extraordinary remedy only to be granted with utmost caution when justice urgently demands it and the remedies at law fail to meet the requirements of the case. R. Whitehouse, Equity Jurisdiction § 563 (1900).

*See, e. g., Wolf v. W. S. Jordan Co.*, 146 Me. 374, 378, 82 A.2d 93, 95–96 (1951).

 The broad statutory grant of equity jurisdiction to the Superior Court is "full equity jurisdiction, according to the usage and practice of courts of equity, in all other cases where there is not a plain, adequate and complete remedy at law." 14 M.R.S.A. § 6051(13). An injury for which there is no adequate remedy at law is an irreparable injury. *Lockwood Co. v. Lawrence*, 77 Me. 297, 312 (1885). Thus, proof of irreparable injury is a prerequisite to the granting of injunctive relief. *Throumoulos v. Bernier*, 143 Me. 286, 289–90, 61 A.2d 681, 682–83 (1948); Whitehouse, *supra*, § 565.

In his order, the Superior Court Justice found as irreparable harm that the proposed hearing "would necessarily interfere with and affect Plaintiff's relationship with its customers and the public generally causing damages to the bank and affecting its standing in the community" and that to hold such a hearing would create "a belief that the bank must be guilty of a violation of the statute." Any inconvenience, expense or reputational injury to the bank that results from holding a statutorily authorized administrative hearing does not constitute irreparable harm, *e. g., Petroleum Exploration, Inc. v. Public Service Comm'n*, 304 U.S. 209, 218–22, 58 S.Ct. 834, 839–41, 82 L.Ed. 1294 (1938); *Myers v.*

*Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 51–52, 58 S.Ct. 459, 463–465, 82 L.Ed. 638 (1938), but rather is an unavoidable consequence of regulation.

The temporary restraining order having been dissolved by prior order of this Court, the entry is:

Appeal sustained.

Remanded to the Superior Court with instructions to stay further action pending completion of the administrative proceedings.