Philip ALMY et al.

v.

**U.S. SUZUKI MOTOR CORP. et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 19, 1991.
Decided Dec. 12, 1991.

Stephen J. Kuzma, Swartz & Swartz, Boston, Mass., Mark Dunlap, Norman, Hanson & Detroy, Portland, for plaintiffs.

Thomas E. Getchell, John S. Whitman, Richardson & Troubh, Richard D. Hewes, Hewes, Douglas, Whiting & Quinn, Portland, for defendants.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

McKUSICK, Chief Justice.

This products liability action is before us on an interlocutory appeal from a pretrial order of the Superior Court (Kennebec County, *Delahanty, C.J.*) denying defendants' motion for the trial to be bifurcated on the issues of liability and damages. We hold that such an *in limine* order governing the conduct of the upcoming trial does not fall within any exception to the final judgment rule.

In Augusta in June 1984, plaintiff Philip Almy suffered a paralyzing injury when the operator of the motorcycle upon which Almy was riding lost control of the motorcycle. In July 1988 Philip Almy and his wife, Laurie Almy, brought the present action against U.S. Suzuki Motor Corp., the distributor of the motorcycle, and Suzuki Motor Co., Ltd., the Japanese manufacturer (hereinafter jointly called Suzuki), along with the local retailer of the motorcycle. The Superior Court denied Suzuki's motion for separate trials on the issues of liability and damages. Suzuki appeals that denial, contending that trying the damages issue jointly with the liability issue will engender jury sympathy that will deprive them of a fair trial on the issue of liability.

The final judgment rule is a prudential rule firmly entrenched in Maine's appellate procedure, *see* 2 Field, McKusick & Wroth, *Maine Civil Practice*, § 73.1 (2d ed. 1970), and understandably so:

The reasons for the final judgment rule are many and strong. It helps curtail interruption, delay, duplication and harassment; it minimizes interference with the trial process; it serves the goal of judicial economy; and it saves the appellate court from deciding issues which may ultimately be mooted, thus not only leaving a crisper, more comprehensible record for review in the end but also in many cases avoiding an appeal altogether.

*State v. Maine State Employees Ass'n*, 482 A.2d 461, 464 (Me.1984). We have carved out a few limited exceptions to the rule, but an *in limine* order denying a motion for a bifurcated trial plainly does not qualify for such special treatment.

First, contrary to Suzuki's contention, the court's pretrial order does not qualify for the "collateral order" exception to the final judgment rule. Under that exception, an interlocutory order is immediately appealable if it "involves a claim separable from and collateral to the gravamen of the lawsuit" and "presents a major and unsettled question of law" and the rights claimed would be irreparably lost without immediate review. *Moshe Myerowitz, D.C., P.A. v. Howard*, 507 A.2d 578, 580 (Me.1986). In the case at bar none of those three preconditions is satisfied. An issue is collateral for this purpose only if it "will not 'merge' in a judgment on the merits so as to be subject to effective review on appeal from a conventionally final judgment." 15 C. Wright, A. Miller, E. Cooper, *Federal Practice and Procedure*, § 3911, at 480 (1976). The alleged infringement of Suzuki's right to a fair trial may never occur. We will not interfere with the trial court's management of the trial by reviewing its procedural order before it has had the opportunity to protect Suzuki's right to a fair trial by other means. Clearly, however, if Suzuki's right to a fair trial is in fact violated by the single trial in the usual form, the denial of its motion for bifurcation can be challenged on appeal after the entry of final judgment. That is the appropriate time to review for any prejudice; it is premature to do so now. Furthermore, Suzuki's motion for bifurcation does not

involve a major and unsettled question of law. A trial court's authority under M.R.Civ.P. 42(b) to order separate trials is discretionary. *See Maietta v. International Harvester Co.,* 496 A.2d 286, 290 (Me. 1985). Different judges may at times treat similar circumstances differently, but that fact does not render the issue of bifurcation an unsettled question of law. Finally, the denial of Suzuki's motion for separate trials will not result in the irreparable loss of the rights claimed. The claim that Suzuki now makes solely on the basis of its speculation of possible future prejudice will be subject to review for any actual prejudice on an appeal from a final judgment.

■ We also reject Suzuki's second contention that it should have the benefit of a special exception such as we fashioned to meet extraordinary circumstances in *Bar Harbor Banking & Trust Co. v. Alexander,* 411 A.2d 74, 76–77 (Me.1980), and *Harding v. Commissioner of Marine Resources,* 510 A.2d 533, 535–36 (Me.1986). None of the circumstances that justified the special exception in those cases is present here. Unlike the facts in *Alexander* and *Harding* that justified a special exception to the final judgment rule in order to prevent judicial interference with "apparently legitimate executive department activity" and thereby "safeguard the separation of powers," *Alexander,* 411 A.2d at 77, and in order "to avoid undue [judicial] disruption of administrative process," *Harding,* 510 A.2d at 536, nothing in the case at bar differentiates the Superior Court's order denying Suzuki's separation motion from the ordinary *in limine* order controlling the conduct of an upcoming trial.

The entry is:

Appeal dismissed.

All concurring.