STATE OF MAINE

CUMBERLAND, ss. .

STATE OF MAINE
CUMBERLAND, SS
CLERKSUPERIOR COURT
CIVIL ACTION
2002 OCT 30 P 12: 14 DOCKET NO. CV-00-201

RAC-CUM- 10/30/2002

DARLENE LIBERTY,

      Plaintiff

v.                                    ORDER

DONALD L. GARBRECHT
LAW LIBRARY

DEC 3 2002

SCOTT LIBERTY,

      Defendant

Before this court is Darlene Liberty (Plaintiff)'s motion for injunctive relief. More specifically, the Plaintiff is asking this court to grant an order that would enjoin the Defendant and related parties from filing actions, motions or complaints, *inter alia*, before any judicial, administrative or other body without first obtaining the authorization of this court. Notably, the Plaintiff moved this court to enter an Order on April 2, 2002, decreeing that "[n]either party or their attorneys who represent them in this case are to file any further motions, pleadings, complaints and/or other documents in this case without first obtaining the prior approval of this Court." Whereas that Order applied to both parties, the Plaintiff's current motion essentially seeks to broaden the scope of the injunction as it pertains to the Defendant and related parties. From a jurisdictional standpoint the present matter is complicated by the fact that Scott Liberty (Defendant) has filed a Chapter 13 proceeding with the United States Bankruptcy Court. The Plaintiff's attorney is a creditor in the bankruptcy proceedings.

The abovementioned Order was based on the principle that this court can use its equitable powers to "enjoin a party from filing frivolous and vexatious lawsuits." Spickler v. Key Bank of Southern Maine, 618 A.2d 204, 207 (Me. 1992). In the present case the Plaintiff has the burden to "make a detailed showing of a pattern of abusive and frivolous litigation." *Id.* The Plaintiff points out that the Defendant has engaged in a pattern of harassing and vexatious litigation tactics, which has resulted in driving up litigation costs along with emotionally taxing not only the Plaintiff, but also her family, her lawyer and her lawyer's family. For example, the Plaintiff estimates that the Defendant has filed in District and Superior Court at least eight motions to obtain a so-called sex videotape. The Defendant has also filed a variety of meritless complaints ranging from reporting the Plaintiff to the Maine Department of Human Services for endangering her children to reporting the Plaintiff's attorney to the Board of Overseers of the (Maine) Bar for professional misconduct. Having examined numerous pleadings, motions, transcripts, affidavits etc. contained in eighteen files, this court is well aware that a great deal of animosity has grown between the Defendant and the Plaintiff as well as the Defendant and the Plaintiff's attorney.

However, this "court must be careful not to issue a more comprehensive injunction than is necessary." *Id.* The Plaintiff is requesting that this court screen any complaints the Defendant makes to such entities as the police, the Registry of Deeds, the United States Postmaster, and the federal courts. The holding in Spickler was limited to accessing the courts in Maine and not to other governmental entities or the federal system. *See id.* Moreover, the permanent injunction in Spickler was restricted to one of the parties and did not extend to non-parties. *See id.* This court is wary of curtailing the Defendant's freedom of

2

speech. *See* U.S. CONST. amend. I (as it applies to the States through the Fourteenth Amendment); MAINE CONST. art. I §1. Furthermore, the difficulty with, say, restricting the Defendant's ability to file a complaint with the District Attorney is that this court would be thrust into the position of exercising prosecutorial discretion, which runs counter to the Legislature's intentions. *See* 30-A M.R.S.A. § 283 (2002). On a more practical level, there is no mechanism, procedurally speaking or otherwise, for this court to stop the Defendant from pursuing a suit in the federal arena.

The Plaintiff has quoted Justice Selya for the proposition that a party has no right to perpetrate an "unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier or unfairly hampering the presentation of the opposing party's claim or defense." Aoude v. Mobil Oil Corp., 892 F.2d 1115, 1118 (1st Cir. 1989). Of course, Justice Selya was correct in his pronouncement. Nevertheless, the Aoude case can be distinguished in that it was concerned with a plaintiff perpetrating a fraud on the court by annexing a bogus purchase agreement to a complaint. *See id.* at 1117. Much of the Plaintiff's present claim pertains to events that are occurring outside of the jurisdiction of this court. The Plaintiff goes on to point out that in another case involving divorce "[this] court acted within its discretion when it entered an order enjoining [one of the parties] from filing complaints, pleadings, or petitions against any individual involved in this litigation without the signature of a licensed attorney and the approval of a judge." Vogt v. Churchill, No. Mem 00-6 (Me. Jan. 24, 2000) (mem.) However,

3

per an order of the Law Court, this court cannot rely on a Memorandum Opinion as proper authority.[1]

The Law Court has noted that the courts in Maine have historically taken a conservative approach when considering injunctive relief. *See* <u>Bar Harbor Banking & Trust Co. v. Alexander</u>, 411 A.2d 74, 79 (Me. 1980) (quoting R. WHITEHOUSE, EQUITY JURISDICTION § 563 (1900)). Hence, this court will only grant an injunction when there is no remedy at law and only when justice demands such relief. *See id.* In the present case, at least in dealing with the Plaintiff's claims outside of this court's direct jurisdiction, the Plaintiff and the Plaintiff's attorney can avail themselves of such remedies at law as permitted by statute or case law. The Plaintiff argues that injunctive relief should be granted upon satisfying four criteria: (1) irreparable injury to the plaintiff, (2) the injury outweighing the harm of the injunctive relief, (3) a likelihood of success on the merits, (4) the public interest not adversely being affected. <u>Dep't of Envtl. Prot. v. Emerson</u>, 563 A.2d 762, 768 (Me. 1989). However, this court has yet to be convinced that the broad scope of the relief being sought by the Plaintiff will not be outweighed by the harm such relief will cause the Defendant.

Notwithstanding, this court is concerned with the fact that the Defendant has been convicted of crimes entailing extreme domestic violence. This court is concerned with allegations of death threats being made. This court is particularly concerned that the animosity between the parties has reached the point where violence may ensue. Hence, this court will remind the attorneys that they have an affirmative duty to not "directly or indirectly violate,

---

[1] The Maine Law Court has issued an Order dated August 20, 1996 (No. SJC-216) advising that "Memorandum Decisions and Summary Orders shall not be published in the Atlantic Reporter and shall not be cited as precedent for any matter addressed therein."

circumvent, or subvert any provision of the Maine Bar Rules." M. Bar. R. 3.1(f)(1). Accordingly, the attorneys shall immediately bring to the attention of this court any breach of duty owed to the court, the parties or to other attorneys.[2]

WHEREFORE, this court shall **DENY** the Plaintiff's motion for injunctive relief insofar as it seeks to extend the April 2, 2002 Order to matters outside this court's jurisdiction and to non-parties. For reasons stated above, this court shall take no action to deny the Defendant's proposed suit in federal court. Finally, to minimize conflict and expedite justice, this court will continue to screen any claims, motions or correspondence of any type filed within the Superior Court to ensure that there is a legitimate basis for the underlying action.

Dated: October _30_ , 2002

Roland A. Cole
Justice, Superior Court

---

[2] For example, Maine Bar Rule 3, the Code of Professional Responsibility, contains the following provisions:

> "A lawyer who receives information clearly establishing that a client has during the representation perpetrated a fraud upon any person or tribunal shall promptly call upon the client to rectify the same; and if the client refuses or is unable to do so, the lawyer shall reveal the fraud to the affected person or tribunal, except when the information is protected as a privileged communication. If a person other than a client has perpetrated a fraud upon a tribunal, the lawyer shall promptly reveal the fraud to the tribunal." M. Bar R. 3.6(b).

> While lawyers have a duty to preserve their clients' confidences and secrets, they may disclose their "client's intention to commit a crime or the information necessary to prevent the crime or to avoid subjecting others to risk of harm." M. Bar. R. 3.6(h)(4).

> "A lawyer shall not file a suit, assert a position, delay a trial, or take other action on behalf of a client when the lawyer knows, or should know, that such action would merely serve to harass or maliciously injure another." M. Bar R. 3.7(a).

Date Filed __03-23-00__ ___CUMBERLAND___ Docket No. __CV 00-201__
County

Action _____PERSONAL INJURY_____

DARLENE LIBERTY                    SCOTT LIBERTY

vs.

| Plaintiff's Attorney | Defendant's Attorney PETER FESSENDEN, ESQ. |
|---|---|
| JEFFREY BENNETT ESQ 773-4775 | ~~Bankruptcy Trustee~~ |
| PO BOX 7799, PORTLAND ME 04112 | ~~PETER DETROY, ESQ./RUSSELL PIERCE ESQ~~ |
| Anne C. Pomroy, Esq. (co-counsel) | ~~PO BOX 4600~~ Pro Se |
| P.O. Box 750, Old Orchard Beach, ME 04064 | ~~PORTLAND, ME 04112~~ P.O. Box 963 |
| ~~MICHAEL MARTIN, ESQ. (M. DAVIS, ESQ.)~~ | Gray, ME 04039-0963 |
| ~~P.O. BOX 9733, PORTLAND, ME 04104-5033~~ | ~~ANNE JORDAN, ESQ. CO-COUNSEL~~ |
| ~~(Deposition issue only)~~ | ~~Russell Pierce, Esq. Co-Counsel~~ |
| | ~~DAVID VAN DYKE, ESQ.~~ withdrew 1-28-02 |
| | ~~THOMAS HALLETT, ESQ. (co-counsel)~~ |
| | JUDY POTTER, ESQ. 799-5453 |
| | 356 SPURWINK AVE, CAPE ELIZABETH 04107 |

| Date of Entry | |
|---|---|
| 2000 Mar. 24 | Received 03-23-00: |
| | Complaint Summary Sheet filed. |
| " " | Verified Complaint and Jury Demand filed. |
| " " | Plaintiff's Motion for Ex Parte Order Approving Attachment and Trustee Process with Incorporated Memorandum of Law with attachment & Exhibit A filed. |
| " " | Affidaivit of Jeffrey Bennett Esq., In Support of Motion for an Ex Parte Order Approving Attachment and Trustee Process filed. |
| " " | Plaintiff's Request for Ex Parte Hearing filed. |
| " " | Received 03-24-00: |
| | Letter from Jeffrey Bennett, Esq. regarding the need for an ex parte order with Exhibit A filed. (Exhibit A filed with Motion for Ex Parte Order) |
| " " | On 03/24/00: EX PARTE ORDER APPOVING ATTACHMENT AND TRUSTEE PROCESS filed. (Warren, .) ORDERED: i) An attachment, including trustee process, may be made against the porperty of Defendant Scott Liberty in the amount of $500,000.00 to secure payment of damages to Plaintiff, if and when awarded in the above-entitled action, however, the first $100.00 demand bank accounts held by one trustee shal be exempt from Trustee Process isuued pursuant to this Ex Parte Order; and ii) This order may be incorporated by re--ference on the Court's Civil Docket. |
| " " | On 03/24/00: Copy given in hand to Jeffrey Bennett, Esq. |
| Mar 31 | Received 3-31-00: Letter from Morgan Stanley Dean Witter; Monica Tucker regarding account filed. |
| Mar. 31 | Received 3-31-00. Plaintiff's Notification of Discovery Service filed. Notice to Take Oral Deposition of Scott Liberty served by Sheriff in hand on Defendant Scott Liberty on 3-30-00. |
| April 4 | Received 04/04/00: Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction in Aid of Preserving a Damages Remedy with Incorporated Memorandum of Law with exhibits A-E filed. |