STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-07-198

PORTLAND PIE, LLC,

Plaintiff

v.

ORDER ON MOTION
FOR TEMPORARY
RESTRAINING ORDER

COTTON STREET
DEVELOPMENT, LLC,

Defendant

DONALD L. GARBRECHT
LAW LIBRARY

AUG 20 2007

Before the Court is Plaintiff Portland Pie, LLC's ("Portland Pie") motion for a temporary restraining order pursuant to M.R. Civ. P. 65 barring Defendant Cotton Street Development, LLC ("Cotton Street") from interfering with Portland Pie's use of parking spaces on property owned by Cotton Street.

## BACKGROUND

Pursuant to a lease dated October 9, 2004 ("Lease"), Portland Pie leases property located at 505 Fore Street in Portland ("Property"). Portland Pie runs a restaurant out of the Property. A significant majority of Portland Pie's business is comprised of take-out orders and delivery orders. The original lessor under the Lease was 505 Main Street Saco Corporation ("Saco Corporation"). Section 13 of the Lease, titled "REPAIR AND MAINTENANCE," states in part that "Landlord is responsible for . . . Parking lot and landscape areas." Nowhere else in the Lease is a parking lot referenced.

Immediately adjacent to the building located on the Property is a small parking lot which can accommodate somewhere between two and five cars at

1

one time ("Side Lot").[1] Portland Pie has continuously used the Side Lot for employee parking and has erected "no parking" signs in the Side Lot to discourage others from parking there.

In addition to the parking spaces in the Side Lot, there is a paid lot located behind the Property that is gated and can only be accessed with passes provided to those who rent spaces ("Paid Lot"). The Paid Lot is separated from the Side Lot by a guardrail and concrete barrier. At the time the Lease was signed, the Paid Lot was owned by Saco Corporation. Saco Corporation provided Portland Pie with two passes to use the Paid Lot for no charge.

In 2005, Cotton Street acquired ownership of the Property, the Side Lot and the Paid Lot from Saco Corporation. Prior to its purchase, Cotton Street had Portland Pie sign a Tenant Estoppel Certificate ("Estoppel Certificate"). Section 1 of the Estoppel Certificate states that "Tenant is the lessee under a . . . [lease] dated October 9, 2004, . . . covering the first floor of the Premises . . . Tenant also leases 2 parking spaces from Landlord as a tenant at will for $0 per space per month." Handwritten directly underneath this section is a note stating, "2 spaces included in rent." Section 4 of the Estoppel Certificate, in turn, states, "The Lease is in full force and effect and has not been modified, assigned, supplemented or amended."

For reasons not relevant to disposition of this motion, Cotton Street revoked Portland Pie's right to park in the Paid Lot in November 2006. Subsequently, Cotton Street notified Portland Pie that it intended to eliminate the

---

[1] In Portland Pie's TRO motion it alleges that the Side Lot contains room for "approximately four or five parking spaces." In its reply brief, however, Portland Pie states repeatedly that the Lease only gave them the right to the use of two parking spaces in the Side Lot.

Side Lot in connection with a planned construction project. As a result, on April 9, 2007 Portland Pie simultaneously filed a complaint and motion for temporary restraining order claiming a right under the Lease to use of the Side Lot and seeking preliminary and permanent injunctive relief prohibiting Cotton Street's interference with this right.

## STANDARD OF REVIEW

In order to succeed on a motion for a temporary restraining order, the moving party has the burden of demonstrating the following: "(1) that plaintiff will suffer irreparable injury if the injunction is not granted, (2) that such injury outweighs any harm which granting the injunctive relief would inflict on the defendant, (3) that plaintiff has exhibited a likelihood of success on the merits (at most, a probability; at least, a substantial possibility), (4) that the public interest will not be adversely affected by granting the injunction." *Ingraham v. University of Maine*, 441 A.2d 691, 693 (Me. 1982). These four criteria, however, "are not to be applied woodenly or in isolation from each other; rather, the court of equity should weigh all of these factors together in determining whether injunctive relief is proper." *Dep't of Envtl. Prot. v. Emerson*, 563 A.2d 762, 768 (Me. 1989). For example, if the evidence of success on the merits is strong, the showing of irreparable harm may be subject to less stringent requirements. *Id.*

## DISCUSSION

### I. Irreparable Injury

An irreparable injury is one for which there exists no adequate remedy at law. *Bar Harbor Banking & Trust Co. v. Alexander*, 411 A.2d 74, 79 (Me. 1980). In this case, Portland Pie argues that the loss of parking for use in its delivery and

take-out business will result in a loss of business and goodwill that will be impossible to calculate. This argument is unconvincing.

As an initial matter, the number of parking spots at issue is very small. It is unlikely that such a small loss in parking spots could have a large negative impact on Portland Pie's business. This is particularly true in light of the fact that there are many alternatives for parking in the area immediately surrounding the Property. While these alternatives may not be as desirable to Portland Pie as the Side Lot due to their distance from the Property, the necessity to cross roads to reach them, or the need to pay for parking, they are nevertheless available.

Further, the Court rejects the notion that any loss of business resulting from the requirement of using alternative parking facilities will be unquantifiable. If such a negative impact occurs and Portland Pie prevails in this suit, damages may be calculated by comparing Portland Pie's business done while it had access to the Side Lot to its business done after it lost access to the Side Lot. The fact that it may be difficult to precisely quantify damages that may be suffered by Portland Pie "does not impugn the adequacy of the damages remedy at law." *See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bishop*, 839 F.Supp. 68, 74 (D. Me. 1993). Therefore, Portland Pie has failed demonstrate that there will be irreparable harm in the absence of the requested relief.

## II. Balancing of Harms

For reasons similar to those described above regarding irreparable injury, Portland Pie has failed to establish that any harm it might suffer in the absence of a preliminary injunction outweighs the impact that the injunction would have on Cotton Street. Specifically, Portland Pie's claim that the elimination of its access to two parking spots in the Side Lot will cause its business to decline is entirely

4

speculative. Such a speculative injury does not outweigh the harm Cotton Street will suffer due to an injunction preventing it from going forward as scheduled with its planned construction project.

**III. Likelihood of Success on the Merits**

Because there is no public interest implicated in this case, the final *Ingraham* factor that must be considered is Portland Pie's likelihood of success on the merits of its substantive cause of action.

Portland Pie argues that the portion of the Lease referring to the landlord's responsibility for repairing and maintaining the "Parking lot and landscape areas" is ambiguous and requires extrinsic evidence to explain its meaning. The extrinsic evidence will purportedly establish Portland Pie and Saco Corporation's intent to include use of the Side Lot as a term of the Lease through the aforementioned language. Portland Pie supports this argument by stating that there would have been no purpose to including the landlord's responsibility for maintaining the parking lot in the Lease if Portland Pie had no rights under the Lease to use of a parking lot. The language of the Lease, however, speaks for itself and does not suggest any right to use of the Side Lot.

Contrary to Portland Pie's argument, a right to use of the Side Lot is not the only reason why Portland Pie, as tenant of the Property, would want to ensure that its landlord kept the Side Lot in good condition and clear of any obstacles that might prevent traversing that area. A more likely explanation for that language is the desire to guarantee that customers would be able to easily and safely cross the Side Lot to patronize Portland Pie's establishment.

Equally unavailing is the argument that the handwritten note on the Estoppel Certificate, written by Portland Pie's agent, stating, "2 spaces included

in rent," appearing immediately after the typewritten portion of that document stating "Tenant also leases 2 parking spaces from Landlord as a tenant at will for $0 per space per month" demonstrates the understanding of all parties that Portland Pie had the right to two parking spaces in the Side Lot. In the printed portion of the Estoppel Certificate, the space next to the dollar symbol was left blank for Portland Pie to fill in the amount it paid per month as a tenant at will in the Paid Lot. As a result, it appears likely that the hand written note beneath the printed portion was meant to explain that Portland Pie paid nothing for use of its spots in the Paid Lot because those spots were "included in the rent." Importantly, there is nothing in the hand written note on the Estoppel Certificate implying that the two spaces included in the rent were in addition to the two spaces it used in the Paid Lot.

Based on the evidence before the Court, Portland Pie has failed to show that it will suffer irreparable harm in the absence of a preliminary injunction, that any harm outweighs harm suffered by Cotton Street were such an injunction to issue, or that it has a substantial likelihood of success on the merits.

Therefore the entry is:

Portland Pie's motion for a temporary restraining order is DENIED.

The clerk shall incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated at Portland, Maine this __12th__ day of __June__, 2007.

Robert E. Crowley
Justice, Superior Court

6

TIMOTHY BRYANT ESQ
DAVID EKELUND ESQ
DOUGLAS DENHAM BUCCINA & ERNST
PO BOX 7108
PORTLAND ME 04112-7108

THEODORE SMALL ESQ
BERNSTEIN SHUR SAWYER & NELSON
PO BOX 9729
PORTLAND ME 04104-5029