STATE OF MAINE
AROOSTOOK, ss.

SUPERIOR COURT
LOCATION: Caribou
Docket No. CARSC-CV-2020-077

Neal J. Griffeth,  )
          Plaintiff  )  ORDER ON PLAINTIFF'S
v.  )  MOTION FOR SUMMARY
  )  JUDGMENT
Gagnon's Rental Properties, LLC,  )
          Defendant  )

Currently pending is Plaintiff's Motion for Summary Judgment related to his Complaint for Declaratory Judgment. Defendant has filed an objection to the motion with additional facts. Plaintiff thereafter filed a reply statement to the additional facts submitted by Defendant. After review of the motion, objection and reply, the court enters the following order:

## BACKGROUND

Plaintiff and Defendant are the owners of adjacent parcels of real estate situated in Caribou, Maine, generally at the intersection of U.S. Route 1 and Route 89. Defendant is the successor in interest and assignee of E.H.S. Enterprises, Ltd., which granted a certain right-of-way easement (hereinafter "the Right-of-Way") described in the Warranty Deed dated July 31, 1989 and recorded in the Southern Aroostook Registry of Deeds in Volume 2201, Page 298. The Right-of-Way connects the aforementioned parcels of real estate and provides Plaintiff access to Route 89.

The circumstances by which the Right-of-Way may be terminated, as described in Book 2201, Page 298, require 60 days notice to Plaintiff as well as the "construction and completion of a public road from U.S. Route One through or along the parcel of land

conveyed by Stanley F. Brescia to Bruce P. Pelletier by Warranty Deed dated July 2, 1988 and recorded at the Southern Aroostook Registry of Deeds in Volume 2100, Page 214." This being the same premises conveyed to Plaintiff as described in Paragraph 3 of the Complaint.

The ultimate determination in this case turns on whether or not there has been "construction and completion of a public road from U.S. Route One through or along the parcel of land conveyed by Stanley F. Brescia to Bruce P. Pelletier by Warranty Deed dated July 2, 1988 and recorded at the Southern Aroostook Registry of Deeds in Volume 2100, Page 214." If so, Defendant is permitted to terminate the Right-of-Way. If not, Defendant does not have authority to terminate the Right-of-Way.

### Standard of Review

Summary judgment is appropriate when "the record reflects that there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law." *Burdzel v. Sobus*, 2000 ME 84, ¶ 6, 750 A.2d 573. "'A material fact is one that could potentially affect the outcome of the suit,' and '[a] genuine issue of material fact exists when the evidence requires a fact-finder to choose between competing versions of the truth.' *Farrington's Owners' Ass'n v. Conway Lake Resorts, Inc.*, 2005 ME 93, ¶ 9, 878 A.2d 504.'" *Scott v. Fall Line Condo. Ass'n*, 2019 ME 50, P5. The facts must be considered in the light most favorable to the non-moving party. *Mahar v. StoneWood Transport*, 2003 ME 63 ¶8, 823 A.2d 540. Thus, for purposes of summary judgment, any factual disputes must be resolved against the movant.

## Material Facts in Dispute

*The* central fact in dispute in this case is whether or not a there has been the "construction and completion of a public road from U.S. Route One through or along the parcel of land" in question. Upon this central fact, there is a dispute between the parties. Plaintiff contends that "[n]o public road has ever been constructed and completed from U.S. Route One through or along Plaintiff's parcel of land." *P.S.M.F. at 6.* Defendant contends that "[a] public road has been constructed and completed by Plaintiff and the City of Caribou which provides public town way to Plaintiff's property from U.S. Route One." *D.R.S.M.F. at 2.*

As there are genuine issues of material fact, Plaintiff's Motion for Summary Judgment is hereby **DENIED**. Clerk to set this matter for one day bench trial at the first available date that is mutually acceptable to the parties.

The Clerk is directed to enter this Order on the Docket by notation, incorporating it be reference.

Dated: 5/13/2021

Justice, Maine Superior Court

STATE OF MAINE
AROOSTOOK, ss.

SUPERIOR COURT
LOCATION: Caribou
Docket No. CARSC-CV-2020-077

Neal J. Griffeth,
     Plaintiff

v.

Gagnon's Rental Properties, LLC,
     Defendant

)
)
)
)
)
)
)

ORDER ON PLAINTIFF'S
MOTION FOR PRELIMINARY
INJUNCTION

Currently pending is Plaintiff's Complaint for Declaratory Judgment and Motion for Preliminary Injunction. The hearing on the Motion for Preliminary Injunction was held in Caribou on September 28, 2020. Plaintiff was present, represented by Dan Umphrey, Esq. and Scott Hunter, Esq. Defendant was present, represented by Richard Currier, Esq. After hearing and based upon the record presented, the court makes the following findings of fact, conclusions of law, and resulting order.

## BACKGROUND

Plaintiff and Defendant are the owners of adjacent parcels of real estate situated in Caribou, Maine, generally at the intersection of U.S. Route 1 and Route 89. Defendant is the successor in interest and assignee of E.H.S. Enterprises, Ltd., which granted a certain right-of-way easement (hereinafter "the Easement") described in the Warranty Deed dated July 31, 1989 and recorded in the Southern Aroostook Registry of Deeds in Volume 2201, Page 298 on August 2, 1989 at 8:29 a.m. The Easement runs from Route 89 through Defendant's property to the property of Plaintiff. The instrument granting the Easement contains the following provision:

"Grantor, its successors and assigns, shall have the right to terminate the roadway/right of way easement upon Sixty (60) days notice *upon the construction and completion of a public road* from U.S. Route One through or along the parcel of land conveyed by Stanley F. Brescia to Bruce P. Pelletier by Warranty Deed dated July 2, 1988 and recorded at the Southern Aroostook Registry of Deeds in Volume 2100, Page 214. The utility easement conveyed herein shall be perpetual and shall run with the land." *SARD, V. 2201, P. 298-299(emphasis added).*

Plaintiff operates an automobile dealership and repair shop on his property. Customers for service primarily access Plaintiff's business by way of the Easement. Plaintiff has installed a gravel road from the base of operations on his property to a parcel of real estate owned by the City of Caribou described in the deeds recorded in the Southern Aroostook Registry of Deeds in Volume 2561, Page 266, and Volume 2561, Page 268. A curb cut was constructed by the City of Caribou on its property which provides practical access to U.S. Route 1 over Plaintiff's gravel road and the City of Caribou's property.

On May 21, 2020, Defendant recorded an instrument entitled "60-Day Notice Terminating Right-of-Way Easement" in the Southern Aroostook Registry of Deeds in Volume 6014, Page 103. Defendant has indicated that it will be taking steps to prevent or hinder access by way of the Easement to Plaintiff's property.

This case at its core is not about whether Plaintiff has legal access to his property. The parcel has considerable frontage on U.S. Route 1 and did at the time the Easement was granted. The ultimate determination in this case turns on whether or not there has

been "construction and completion of a public road from U.S. Route One through or along the parcel of land conveyed by Stanley F. Brescia to Bruce P. Pelletier by Warranty Deed dated July 2, 1988 and recorded at the Southern Aroostook Registry of Deeds in Volume 2100, Page 214." If so, Defendant is permitted to terminate the Easement. If not, Defendant does not have authority to terminate the Easement.

## Standard of Review

Plaintiff is seeking a preliminary injunction to maintain the status quo as this matter makes its way through litigation. A party seeking preliminary injunctive relief must demonstrate that (1) it will suffer irreparable injury if the injunction is not granted; (2) such injury outweighs any harm that the grant of injunctive relief would inflict on the other party; (3) the party seeking the injunction has a likelihood of success on the merits (at most, a probability; at least, a substantial possibility); and (4) the public interest will not be adversely affected by granting the injunction. *See Bangor Historic Track, Inc. v. Dep't of Agric., Food & Rural Resources*, 2003 ME 140, ¶9, 837 A.2d 129, 132, *citing Dep't of Envtl. Prot. v. Emerson*, 563 A.2d 762, 768 (Me. 1989); *Ingraham v. Univ. of Maine at Orono*, 441 A.2d 691, 693 (Me. 1982). If a party fails to satisfy any one or more of the four injunction criteria, injunctive relief will be denied. *Id.* The Law Court has noted that the criteria "are not to be applied woodenly or in isolation from each other; rather, the court of equity should weigh all of these factors together in determining whether injunctive relief is proper in the specific circumstances of each case." *Dep't of Envtl. Prot. v. Emerson*, 563 A.2d 762, 768 (Me. 1989)(citing, *Developments in the Law - - Injunctions*, 78 Harv.L.Rev.994, 1056 (1965)("Clear evidence of irreparable injury should result in a less stringent

requirement of certainty of victory; greater certainty of victory should result in a less stringent requirement of proof of irreparable injury.")

## A. Irreparable Injury

"Irreparable injury" is defined as "injury for which there is no adequate remedy at law." *Bangor Historic Track, Inc. v. Dep't of Agric., Food & Rural Res.*, 2003 ME 140, P10, 837 A.2d 129, 133 (citing, *Bar Harbor Banking & Trust Co. v. Alexander*, 411 A.2d 74, 79 (Me. 1980)). The typical remedy at law would be money damages. An injunction may issue if money damages would not fairly compensate Plaintiff for the injury suffered. Within the categories of situations in which the legal remedy may be inadequate and an equitable remedy such as an injunction may be appropriate is the situation when the plaintiff is entitled to damages, but those damages cannot be measured with reasonable accuracy. Horton & McGehee, *Maine Civil Remedies* § 5.3-1, at 5-6 to 5-7(1988).

Interference with the primary access easement involving a business would cause damage to sales or customer service that is difficult to accurately quantify, as the injured party may not have an adequate mechanism to measure the loss, as opposed to a physical injury to property that can be accurately quantified.

For Plaintiff's business, 65% to 75% of all of its customers utilize the Easement to access the business. Although some of those customers may travel the additional distance to access the business by the secondary access, Plaintiff has shown that shutting off the Easement will clearly have a negative economic impact to his business, damages for which may be difficult to accurately quantify.

## B. Balancing of Harms

Plaintiff asserts that there will be no harm to the Defendant as the granting of the preliminary injunction maintains the status quo that has existed for many years between the parties. Defendant contends that it has a need to utilize the space occupied by the easement for additional parking due to a new lease with a tenant with greater parking needs than his property can currently accommodate. Although the Easement does occupy a portion of the property of Defendant, there remains additional property free of any easement restriction that Defendant is free to utilize for parking. Defendant may develop and pave the remainder of its lot for parking, provided the Easement is not restricted. The harm to Plaintiff outweighs the inconvenience to Defendant.

## C. Likelihood of Success

A "likelihood of success on the merits" is "at most, a probability; at least a substantial possibility." *Bangor Historic Track, Inc. v. Dep't of Agric., Food & Rural Res.*, 2003 ME 140, P9, 837 A.2d 129, 132. Construction of a deed or instrument of conveyance is a question of law. *River Dale Association v. Bloss*, 2006 ME 86, ¶6, 901 A.2d 809, 811. In this matter, the language of the deed is unambiguous. Defendant has the right "to terminate the roadway/right of way easement upon Sixty (60) days notice upon the construction and completion of a public road from U.S. Route One through or along the parcel of land" now owned by Plaintiff.

Since the grant of the Easement, there has been no public road constructed and completed from U.S. Route One through or along with parcel of land owned by Plaintiff. Although Plaintiff has constructed a road from U.S. Route One to his business, the road

he constructed goes through a parcel of land that is owned by the City of Caribou. The City does not maintain any portion of Plaintiff's road and the road is not a public road.

As noted by Defendant in his testimony, he was aware of a plan being discussed for the development of a road to provide public access to the industrial park adjacent to the lot of the Plaintiff and that it has "been in the works, but nothing has been done yet." In this matter, Plaintiff has shown that there is a least a substantial possibility that Plaintiff will succeed on the merits.

### D. Public Interest

The interests at issue in this matter are solely the business interests of the respective parties. Therefore, the public interest will not be adversely affected by granting the injunction.

Plaintiff's Motion for a Preliminary Injunction is hereby **GRANTED**. Pending this Court's ruling on the Plaintiff's Complaint for Declaratory Judgment, the Defendant, its officers, agents, servants and employees or others acting on its behalf, are hereby enjoined from engaging in any act that would interfere with Plaintiff's easement right-of-way over and upon the property of the Defendant; to include, but not limited to, blocking, barricading, or altering the right-of-way.

The Clerk is directed to enter this Order on the Docket by notation, incorporating it be reference.

Dated: 10/6/2020

Justice, Maine Superior Court