STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss                                    CIVIL ACTION
                                                  DOCKET NO. CV-21-250


JOSHUA DREW, et al.,

                    Plaintiffs                    ORDER ON PLAINTIFFS'
                                                  MOTION FOR TEMPORARY
                                                  RETRAINING ORDER AND
v.                                                PRELIMINARY INJUCTION


MICHAEL DOUGREY,
et al.,

                    Defendants


Before the court is plaintiffs' motion for temporary restraining order and preliminary

injunction. Plaintiffs ask the court to prevent defendant from selling or otherwise disposing the

assets of Green Approach Maine, LLC and Dougrey Healing, LLC, restore plaintiffs' access to the

companies' facility and accounts, and halt defendant's destruction of the companies' good will

and relationships with customers and vendors. For the following reasons, the motion is denied.

Background

In the complaint, plaintiffs allege that based on an April 2021 limited liability agreement,

plaintiffs and defendant Dougrey are equal one-third owners of Green Approach Maine, LLC and

Dougrey Healing, LLC. The agreement requires a unanimous vote of the owners for important

decisions. The asset attachment to the agreement provides that all assets owned by the companies

are owned by the parties. Plaintiffs allege defendant Dougrey began freezing plaintiffs out of the

companies' facility, email account, and bank accounts and began spending the companies' funds,

disposing of assets, and purporting to assign the lease to the facility to Anthony Latini, the party-

in-interest, in May 2021.

1

REC'D CUMB CLERKS OFC
JAN 21 '22 AM8:30

In the counterclaim, defendant relies on 2019 certificates of formation and alleges he is the sole owner of Green Approach Maine, LLC and Dougrey Healing, LLC. These documents have not been amended. He alleges plaintiffs were employees of Dougrey Healing, LLC until they quit in May 2021, shortly after the April 2021 agreement. Defendant alleges in his affidavit plaintiffs fraudulently induced him to sign the April 2021 agreement and alleges he received no consideration for the agreement. Defendant alleges plaintiffs, without the consent of defendant, sold property of defendant's companies and misappropriated confidential and proprietary information owned by defendant's companies.

Discussion

A party seeking a temporary restraining order or a preliminary injunction must demonstrate the following: (1) the moving party will suffer irreparable injury if the injunction is not granted; (2) the moving party's injury outweighs any harm which granting the injunctive relief would inflict on the other party; (3) the moving party has shown a likelihood of success on the merits; and (4) the public interest will not be adversely affected by granting the injunction. Dep't of Envtl. Prot. v. Emerson, 563 A.2d 762, 768 (Me. 1989); Ingraham v. Univ. of Maine at Orono, 441 A.2d 691, 693 (Me. 1982). Likelihood of success on the merits is "at most, a probability; at least, a substantial possibility." Bangor Historic Track, Inc. v. Dep't of Agric., Food, & Rural Res., 2003 ME 140, ¶ 9, 837 A.2d 129. An irreparable injury is an "injury for which there is no adequate remedy at law." Bar Harbor Banking & Trust Co. v. Alexander, 411 A.2d 74, 79 (Me. 1980). An injunction is "an extraordinary remedy only to be granted with the utmost caution when justice urgently demands it and the remedies at law fail to meet the requirements of the case." Bar Harbor, 411 A.2d at 79 (quotations omitted).

Conclusion

As the pleadings and affidavits demonstrate, this is a factually contested dispute. Plaintiffs have failed to demonstrate a likelihood of success on the merits required to obtain the extraordinary remedy of injunctive relief. The court declines, therefore, to address the remaining three requirements. Nat'l Org. for Marriage v. Comm'n on Governmental Ethics & Elections Practices, 2015 ME 103, ¶ 28, 121 A.3d 792 (the sine qua non of this four-part inquiry is likelihood of success on the merits).

The entry is

> Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction is DENIED.

Date: January 20, 2022

Nancy Mills
Active Retired Judge

Entered on the Docket: 1/21/2022

3