STATE OF MAINE
KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-2022-13

PAUL G. GOSSELIN, D.O.,
　　Plaintiff

v.

**DECISION ON MOTION FOR**
**TEMPORARY RESTRAINING ORDER**

MAINE BOARD OF
OSTEOPATHIC LICENSURE, ET. ALS.,
　　Defendants

## INTRODUCTION

The matter before the court is the Plaintiff's Motion for Temporary Restraining Order to enjoin an ongoing adjudicatory hearing before the Maine Board of Osteopathic Licensure. The TRO motion was filed just before 4:00 p.m. on May 10, 2022. The Plaintiff is an osteopathic doctor licensed by the Board. On November 19, 2021, the Board issued an immediate suspension of Dr. Gosselin's license for 30 days after it preliminarily determined that he had "engaged in conduct that constitutes fraud or deceit, . . .incompetence, . . . and unprofessional conduct . . . ."[1] On December 23, 2021, the Board issue a Notice of Hearing to Dr. Gosselin informing him that it would conduct an adjudicatory hearing to determine whether grounds existed to impose discipline upon him for incompetence and/or unprofessional conduct for improperly issuing vaccine exemption letters and for failing to maintain appropriate and adequate records of such exemptions.

---

[1] It is the court's understanding that Dr. Gosselin entered into an interim consent agreement extending the suspension until the Board takes further action on the allegations.

The adjudicatory hearing was started on April 14, 2022 but did not conclude on that day. The hearing is scheduled to resume on May 12, 2022, at 9:00 a.m. Upon receipt and review of the Plaintiff's Verified Complaint and Motion for TRO/Preliminary Injunction, the court attempted to arrange for a telephonic hearing on May 11, at approximately 3:30 p.m. Counsel for the Defendants, however, was not available at that time. Accordingly, the court scheduled and held a telephonic hearing on May 12, 2022, at 7:45 a.m. The court heard argument from counsel for Dr. Gosselin and for the Board. The court has reviewed the entire case file, including the Exhibits accompanying the motion for injunctive relief.

## THE STANDARD FOR A TEMPORARY RESTRAINING ORDER

A party seeking injunctive relief by a temporary restraining order or a preliminary injunction has the burden of demonstrating to the court that four criteria are met. The moving party must demonstrate that: (1) it has a likelihood of success on the merits (at most, a probability; at least, a substantial possibility); (2) it will suffer irreparable injury if the injunction is not granted; (3) such injury outweighs any harm which granting the injunctive relief would inflict on the other party; and (4) the public interest will not be adversely affected by granting the injunction. *Bangor Historic Track, Inc. v. Dep't of Agric., Food & Rural Res.*, 2003 ME 140, ¶ 9, 837 A.2d 129.

The court does not consider these criteria in isolation, but weighs them together to determine whether injunctive relief is appropriate to the specific circumstances of the case. *Dep't of Envtl. Prot. v. Emerson*, 563 A.2d 762, 768 (Me. 1989). Nevertheless, "[f]ailure to demonstrate that any one of the criteria is met requires that injunctive relief be denied." *Bangor Historic Trtack, Inc.*, 2003 ME 140, ¶ 10. It has been observed that "historically, the Maine courts have taken a conservative attitude towards injunctions, holding the injunction to be 'an extraordinary remedy only to be granted with utmost caution when justice urgently

demands it and the remedies at law fail to meet the requirements of the case.'" *Saga Communs. of New England, Inc. v. Voornas*, 2000 ME 156, ¶ 19, 756 A.2d 954 *quoting* Andrew H. Horton & Peggy L. McGehee, MAINE CIVIL REMEDIES § 5.1, at 5-2 to 5-3 (1991).

## Likelihood of Success on the Merits

The primary thrust of Dr. Gosselin's argument is that the Board's actions against him have been instituted and motivated by bad faith, to punish and retaliate against him for his views, protected by the First Amendment, concerning COVID-19 and the vaccines.

Based on the material submitted in support of the request for injunctive relief, the court concludes that Dr. Gosselin has failed to demonstrate by at least a substantial possibility, his likelihood of success on the merits of his claim of a bad faith prosecution.

The focus of the Board's adjudicatory proceeding is on whether Dr. Gosselin acted in an incompetent or unprofessional manner in issuing certain vaccine exemption letters. While Dr. Gosselin's public statements may have raised red flags on the part of the Board and may or may not be relevant for the Board's consideration of the allegations in the Notice of Hearing, those allegations are limited to his conduct in issuing the vaccine exemption letters identified in the notice.[2]

## Irreparable Injury

Dr. Gosselin maintains that he will suffer irreparable injury if injunctive relief is not granted. The court disagrees. The Board is literally in the middle of an adjudicatory hearing and has not rendered any final decision. Even assuming the Board issues disciplinary sanctions against Dr. Gosselin, he will have a full

---

[2] As discussed during the telephonic conference held today, the Hearing Officer may inquire of Board member Peter Michaud whether he believes he should recuse himself based on claims of bias. *See* 5 M.R.S. § 9063(1).

opportunity to appeal any decision of the Board in accordance with M.R.Civ.P. 80C and the Maine Administrative Procedure Act. Accordingly, Dr. Gosselin has an adequate remedy at law.

### Balancing the Harms and the Public Interest

In the court's view, balancing the harms and evaluating the public interest are factors that weigh against the issuance of injunctive relief against an executive agency engaged in an ongoing adjudicatory proceeding. The Law Court has cautioned:

> The constitutionally mandated separation of powers forbids precipitous injunctive interference with the legitimate, ongoing executive function. Moreover, judicial interference with the apparently legitimate executive department activity not only disrupts the administrative process but also encourages the circumvention of statutorily authorized investigation and enforcement mechanisms.

*Bar Harbor Banking & Trust Co. v. Alexander*, 411 A.2d 74, 77 (Me. 1980).

### CONCLUSION

The entry is:

The Plaintiff's Motion for a Temporary Restraining Order is DENIED.

The clerk is directed to incorporate this order into the docket by reference pursuant to M.R. Civ. P. 79(a).

Date: May 12, 2022

William R. Stokes
Justice, Superior Court