2002 ME 95

**TOWN OF CHARLESTON**

v.

**SCHOOL ADMINISTRATIVE DISTRICT NO. 68**

Supreme Judicial Court of Maine.

Argued: June 12, 2002.

Decided: June 14, 2002.

---

Nathaniel M. Rosenblatt, Esq. (orally), Roger L. Huber, Esq., Thomas A. Russell, Esq., Farrell, Rosenblatt & Russell, Bangor, for plaintiff.

Melissa A. Hewey, Esq. (orally), Deirdre M. Smith, Esq., Brian D. Willing, Esq., Drummond, Woodsum & MacMahon, Portland, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

SAUFLEY, C.J.

[¶ 1] School Administrative District No. 68 (SAD No. 68) appeals from a temporary restraining order issued by the Superior Court (Penobscot County, *Mead, J.*) enjoining it from "actually taking steps" to close the Charleston Elementary School. SAD No. 68 contends that there was an insufficient factual basis to support the entry of a temporary restraining order. *See* M.R. Civ. P. 65. We vacate the temporary restraining order.

## I. BACKGROUND

[¶ 2] Charleston Elementary School, located in the Town of Charleston, is operated by SAD No. 68. In April of 2002, the Board of Directors of SAD No. 68 voted to close the Charleston Elementary School due to lack of need pursuant to 20–A M.R.S.A. § 4102(3) (1993 & Supp.2001). SAD No. 68 then submitted a school closing report and a cost analysis of the money that would be saved by closing the school to the Commissioner of Education, as mandated by 20–A M.R.S.A. §§ 1407(2), 4102(3) (1993 & Supp.2001). Despite numerous objections submitted by the Town, the Commissioner approved the cost analysis pursuant to 20–A M.R.S.A. § 1407(2). The next step in the school closure process was to be a Town referendum in accordance with 20–A M.R.S.A. §§ 1407(1), 1751(5), 4102(4)(A) (1993 & Supp.2001).

[¶ 3] The Town appealed the Commissioner's approval of the cost analysis to the State Board of Education pursuant to 20–A M.R.S.A. §§ 405(3)(D), 1408 (1993 & Supp.2001). The Town also requested a stay of the Commissioner's decision, and therefore a stay of the referendum, until

the appeal was decided pursuant to 5 M.R.S.A. § 11004 (2002). The Board informed the Town that it would not address the Town's appeal or its request for a stay until June 14, 2002,[1] more than two weeks after the referendum was scheduled to take place. The Town then filed a complaint against SAD No. 68 in the Superior Court seeking to enjoin the referendum.

[¶ 4] After a hearing, the transcript of which has not been provided to us, the court declined to enjoin the referendum. It did, however, enjoin SAD No. 68 from "actually taking steps to accomplish the closing for a period of thirty days [from May 24, 2002]" if the residents of the Town voted in the referendum to close the school.

[¶ 5] The referendum was held on May 28, resulting in an affirmative vote to close the school. The injunction took effect immediately upon the completion of the vote. Approximately ten days of that injunctive period remain. SAD No. 68 appeals from the entry of that injunction.

## II. DISCUSSION

 [¶ 6] "A temporary restraining order may be granted ... only if ... it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant...." M.R. Civ. P. 65(a); *see also Dep't of Envtl. Prot. v. Emerson*, 563 A.2d 762, 768 (Me.1989). "[P]roof of irreparable injury is a prerequisite to the granting of injunctive relief." *Bar Harbor Banking & Trust Co. v. Alexander*, 411 A.2d 74, 79 (Me.1980). "Irreparable injury" is defined as "injury for which there is no adequate remedy at law." *Id.* SAD No. 68 contends, among other things, that the court erred in granting the temporary restraining order

in the absence of a showing of irreparable injury. We review the court's grant of a temporary restraining order for an abuse of discretion. *Eaton v. Cormier*, 2000 ME 65, ¶ 4, 748 A.2d 1006, 1008.

 [¶ 7] In this case, the Town's pleadings in the Superior Court sought only an injunction preventing the referendum from taking place based on an allegedly erroneous cost analysis. Thus, to the extent that the Town alleged any irreparable injury in its pleadings, it addressed only the harm it would suffer if the referendum occurred. The record contains no factual allegation regarding the prospects of irreparable harm *after* the referendum. Because the Town sought only to enjoin the referendum itself, the Town has, contrary to the requirements of law and rule, provided no record support for a finding of irreparable injury relating to a time after the referendum. Thus, we must vacate the court's grant of a temporary restraining order on this basis. *See* M.R. Civ. P. 65(a).

The entry is:

Judgment of the Superior Court granting the temporary restraining order is vacated.

---

1. The Board of Education later rescheduled consideration to June 12, 2002.