ENTERED JUL 2 8 2014

STATE OF MAINE
YORK, SS.

SUPERIOR COURT
DOCKET NO. CV-13-243

JON-YOR-06-23-14

BEAVER CREEK TOWNHOUSE )
CONDOMINIUM OWNER'S ASSOC. )
)
       Plaintiff, )
    v. )
)
ARMAND VACHON, )
)
       Defendant. )

ORDER ON PLAINTIFF'S MOTION
FOR PRELIMINARY INJUNCTION

I.     Background

The Beaver Creek Townhouse Condominium Association (the "BCTCA") has brought this action against Armond Vachon ("Vachon"), a unit owner, for violation of the condominium rules. The BCTCA alleges that Vachon has set up a bird feeder and left out birdseed in violation of the condominium by-laws. Furthermore, the BCTCA alleges that Vachon rode his motorcycle within the boundaries of the condominium, causing damage to property. The BCTCA has brought this action to enforce the condominium documents. The BCTCA now moves the court for a preliminary injunction requiring Vachon to cease leaving birdseed on his porch and remove his bird feeder from his front porch area.

II.    Standard of Review

A party seeking preliminary injunction must show: "(1) the party would suffer irreparable injury if the injunction is not granted; (2) such injury outweighs any harm that granting injunctive relief would inflict on the party opposing the injunction; (3) the public interest will not be adversely affected by granting the injunction; and (4) the plaintiff succeeds on the merits."

1

Windham Land Trust v. Jeffords, 2009 ME 29, ¶ 41, 967 A.2d 690. "The court of equity should not consider these factors in isolation but should weigh all the criteria together in determining whether injunctive relief was proper in the specific circumstances of each case." Walsh v. Johnston, 608 A.2d 776, 778 (Me. 1992).

III.    Discussion

The BCTCA argues that they have shown all of the elements of a preliminary injunction and therefore the court should grant its motion. The BCTCA alleges that a combination of the risk of harm by animals attracted to the birdseed, the fear of harm by animals attracted by the birdseed, and viewing the bird-seed mess causes ongoing irreparable injury. The BCTCA avers that the harm to the BCTCA caused by Vachon putting out birdseed on his porch and using his bird feeder far exceeds Vachon's alleged loss of the right to enjoy his home by feeding the birds in this manner. The BCTCA argues that Vachon has not shown how either the granting of a preliminary injunction would affect the public interest. Finally, the BCTCA argues that Vachon is in violation of the rules and regulations of the BCTCA and therefore the BCTCA is more than likely to succeed on the merits.

The court finds that the BCTCA is likely to succeed on the merits. Paragraph 9 of the Porches, Decks/Patios & Grounds section of the Beaver Creek Townhouse Condominium Owner's Association Rules and Regulations states as follows:

> Birdfeeders are not to be directly attached to any part of the building, including the front porch or back deck. Only "squirrel resistant" songbird feeders are permitted and the area around the feeders is to be kept neat and clean at all times. No birdseed, nuts or any other such items that would attract large birds, squirrels or other wildlife should be placed anywhere on the grounds, front porch or back deck.

2

(Beaver Creek Townhouse Condominium Owner's Association Rules and Regulations, p. 11, ¶ 9). Vachon admits to using a non-squirrel resistant birdfeeder and to leaving birdseed out on his front porch for birds and squirrels. Vachon argues that the rule interferes with his right to use and enjoyment of his unit. It is unlikely a court will find this rule, enacted through proper BCTCA procedure, invalid because of Maine caselaw's reliance on the business judgment rule. "The rationale for the rule is that it falls outside the proper judicial domain to inquire into and second-guess the prudence of particular business decisions honestly reached by those entrusted with the authority to determine what course of action best advances the well-being of the enterprise." Am. v. Sunspray Condo. Ass'n, 2013 ME 19, ¶ 14, 61 A.3d 1249. It is more likely than not that Vachon is in violation of the rules and regulations of the Beaver Creek Townhouse Condominium.

The BCTCA has also shown sufficient irreparable injury. Irreparable injury requires a showing that "there is no adequate remedy at law". Bar Harbor Banking & Trust Co. v. Alexander, 411 A.2d 74, 79 (Me. 1980). Speculative injury is not sufficient for a showing of irreparable harm. Town of Charleston v. Sch. Admin. Dist. No. 68, 2002 ME 95, ¶ 7, 798 A.2d 1102. While having to view stray birdseed is compensable, being continuously exposed to an environment made conducive to unsupervised, untamed animals is not. Plaintiffs have submitted an affidavit by the property manager of the BCTCA stating that Defendant's distribution of birdseed has attracted squirrels, raccoons, and other wildlife.[1] Plaintiffs' reasonable uneasiness is

---

[1] At oral argument the point was debated about whether irreparable harm could be established given that the potential harms associated with contact with wild animals such as bites or spread of disease had not occurred. The court upon reflection concurs with the Plaintiff's view that injunctive relief should not be delayed until someone was actually physically attacked or made ill. The court is persuaded that the harm is not the actual interaction with wildlife but rather the reasonable apprehension about such contact which interferes with other owners quiet enjoyment of their property.

3

ongoing and irreparable. The injury caused by this ongoing concern is greater than that which is caused to Vachon by requiring him to cease distributing birdseed on his doorstep and in his brdfeeders. The court finds that, weighing all of the factors, including the relative harms to parties and the potential impact on the public interest, preliminary injunction is appropriate at this time.

IV.    Conclusion

The court Grants Plaintiff's Motion for Preliminary Injunction. Defendant is ordered to cease and desist from his use of the birdfeeder in question and to not spread birdseed or other food items outside his unit in a way that would attract wildlife as disallowed by the Condominium Rules and Regulations.

DATE:        6/23/14        _____
                            John O'Neil, Jr.
                            Justice, Superior Court

4

ATTORNEY FOR PLAINTIFF:
CHRISTOPHER S NEAGLE
TROUBH HEISLER
511 CONGRESS ST
PO BOX 9711
PORTLAND ME  04104


ATTORNEY FOR DEFENDANT:
JOHN CAMPBELL
CAMPBELL & ASSOCIATES
59 BAXTER BOULEVARD
PORTLAND ME  04101