STATE OF MAINE                                        SUPERIOR COURT
KENNEBEC, ss.                                         CIVIL ACTION
                                                      DOCKET NO. AP-16-07


EUPHREM MANIRAKIZA and            )
FATIMA NKEMBI,                    )
                                  )
          Petitioners,            )
v.                                )            ORDER ON CLASS
                                  )            CERTIFICATION, MOTION TO
MARY MAYHEW, COMMISSIONER          )           DISMISS, AND PRELIMINARY
MAINE DEPARTMENT OF HEALTH        )            INJUNCTION
AND HUMAND SERVICES, et al.,      )
                                  )
          Respondent.             )


I.     Background

       Petitioners Euphrem Manirakiza and Fatima Nkembi, were denied food

supplement benefits based upon their status as legal noncitizens. Mr. Manirakiza

is married to Francine Kanyange. Mr. Manirakiza and his wife both have

documentation allowing them to seek employment in the US as of August 2015.

Mr. Manirakiza is currently employed and Ms. Kanyange is currently

unemployed. They have three children, the youngest of whom was born in the

United States and has legal US citizenship. The youngest child currently receives

food supplement benefits. Mr. Manirakiza applied for food supplement benefits

for his household on August 26, 2015. On or before September 21, 2015, Mr.

Manirakiza's' application was denied because he was employed and because

there was no longer funding available for unemployed noncitizens with work

documentation pursuant to 22 M.R.S. § 3104-A(1)(D) and 10-144 C.M.R. ch. 301, §

FS-111-2. at 2c.


                                        1

On September 21, 2015, Mr. Manirakiza filed for review of the DHHS denial of his application for food supplement benefits. A hearing officer reviewed a stipulated record and briefs as agreed to by the parties. On December 21, 2015, the Hearing officer issued a recommended decision denying Mr. Manirakiza's appeal. Mr. Manirakiza filed a timely written response and objections with the Division of Administrative Hearings. On January 6, 2016, DHHS issued a final agency decision upholding the initial agency determination.

Ms. Nkembi applied for food supplement benefits for herself and her two children on January 5, 2015. On August 11, 2015, Ms. Nkembi received work authorization from USCIS. That same day, Ms. Nkembi was notified by DHHS that her food supplement benefits had been reduced from $352 to $139. The reduction represented a termination of food supplement benefits for Ms. Nkembi and her oldest child. Ms. Nkembi's youngest child, a U.S. citizen, continued to receive food supplement benefits.

On September 1, 2015, Ms. Nkembi timely filed an appeal of the DHHS termination of her food supplement benefits. The matter was submitted to the Hearing Officer on a stipulated record and briefs based upon an agreement between Ms. Nkembi and DHHS. On December 21, 2015, the Hearing officer issued a decision denying Ms. Nkembi's appeal. Ms. Nkembi filed a written response and objections with the Division of Administrative Hearings. On January 6, 2016, DHHS issued a final agency decision affirming the determination that Ms. Nkembi is not eligible for state food supplement benefits due to lack of funding for benefits pursuant to DHHS interpretation of Section 3104-A(1)(D).

Before the Court are Petitioners' Motion for Class Certification, Petitioners' Motion for Preliminary Injunction, Petitioners' Motion to Specify the Future Course of Proceedings Pursuant to M.R. Civ. P. 80C(i), and DHHS's Motion to Dismiss.

Petitioners bring this action seeking judicial determination that DHHS' current enforcement of the statute, denying food supplement benefits to unemployed noncitizens with work documentation because that fund set aside for this group through June 30, 2015 was exhausted, is not compliant with the statute. Alternatively, Petitioners argue that they were wrongfully denied benefits because the limitations set out by rule had expired.

II.    Authority

The statute in question, 22 M.R.S. § 3104-A(1)(D), states:

> "A noncitizen legally admitted to the United States who is neither receiving assistance on July 1, 2011 nor has an application pending for assistance on July 1, 2011 that is later approved is not eligible for food assistance through a state-funded program unless that noncitizen is:
>
> ...
>
> D. Unemployed but has obtained proper work documentation, as defined by the department by rule. Rules adopted by the department under this paragraph are routine technical rules as defined by Title 5, chapter 375, subchapter 2-A.

22 M.R.S. § 3104-A(1). The applicable regulation is as follows:

> **Limited-Period Exception:** for hardship pending work documentation and for asylum seekers who meet the criteria for hardship pending work documentation, if work documents have been received but the individual is unemployed state-funded benefits may continue (assuming all other eligibility factors such as income, assets, etc. are met), subject to the following conditions:
> 1.    This limited-period exception is limited to $261,384 until June 30, 2015. If the funding limit is met prior to June 30, 2015, legal non-citizens with work documentation are no longer eligible for this exception.
> 2.    The unemployed individual is required to report any changes in his or her eligibility status, including employment status

3

within 10 days of the change. Regarding employment status, the individual is required to report within 10 days of being hired.

  3. State-funded eligibility will end when the unemployed individual becomes employed.

10-144 C.M.R. ch. 301, § FS-111-2. at 2c. DHHS has interpreted the rule to mean that the availability of the exception to the general rule that noncitizens are ineligible for food supplement benefits was both temporally and fiscally limited, and that because the fund was exhausted on January 17, 2014, "eligibility for this provision of the food supplement program for legal non-citizens that had received [work documentation] and remained unemployed ended when the funding limit was met on or before January 17, 2014." Decision on Informal Appeal of Denial of Food Supplement Benefits, p. 20, Dec. 21, 2015.

III. Discussion

Petitioners ultimately seek a permanent injunction requiring DHHS to comply with the statute by administering food supplement benefits to unemployed noncitizens with work documentation without reference to any funds set aside for this purpose.

A. Specification of Future Course and Motion to Dismiss

Petitioners seek an order of the Court specifying the future course of proceedings pursuant to M.R. Civ. P. 80C(i). Where independent claims are brought, a plaintiff must file a motion to specify the course of future proceedings within 10 days of filing. M.R. Civ. P. 80C(i). DHHS moves the Court to dismiss the independent claims as duplicative of the 80C administrative appeal. "If a claim for review of governmental action under [80C] is joined with a claim alleging an independent basis for relief from governmental action, the petition shall contain a separate count for each claim for relief asserted, setting forth the

4

facts relied upon, the legal basis of the claim, and the relief requested." M.R. Civ. P. 80C(i). "When a claim joined with an 80C or B Petition is duplicative of the Petition, the Law Court has affirmed the Superior Court's dismissal on that ground." *Breton v. Mayhew*, 2015 Me. Super. LEXIS 186, *3, (citing *Kane v. Comm'r of the Dep't of Health and Human Services*, 2008 ME 185, ¶¶ 30-32, 960 A.2d 1196).

Petitioners have brought two claims independent of the 80C administrative appeal. Petitioners have brought a claim seeking review of the rule pursuant to 5 M.R.S. § 8058, which permits judicial review of the validity of an agency rule and the agency's rule making authority in accordance with an action for declaratory judgment. *See* 5 M.R.S. § 8058. Petitioners contend that the rule is in violation of statute. Petitioners also seek declaration by the Court of the parties' rights and legal relations with respect to food supplement benefits.

All three counts are based upon the same legal arguments and seek the same remedy from the Court. Because the Court is able to evaluate the agency's rulemaking and declare the rights of the parties through the 80C action, the other claims are duplicative. Therefore, the Court dismisses Count II and III of Petitioners' Complaint. Because no independent claims remain, the Court need not specify the future course of proceedings.

B. Class Certification

Petitioners seek certification of the class pursuant to M.R. Civ. P. 23. According to the Maine Rules of Civil Procedure, a class may be certified if:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

5

M.R. Civ. P. 23(a). Petitioners claim that the class is made up of approximately 100 people, making joinder of all members impracticable, that the questions of law concerning eligibility and payment of food supplement benefits are common between all members of the class, that the claims of the representative party are typical of the claims of the class, and that the representative party will fairly and adequately protect the interests of the class. See *Id.*

DHHS argues that class certification is inappropriate in an 80C action. DHHS argues that it is inappropriate to join new parties to an administrative appeal as the Court's review is limited to the facts included in the record. A class action would necessarily require the Court to look outside of the record. Additionally, DHHS argues that there is no need for a class action because DHHS concedes that if the Court finds that DHHS has improperly interpreted the rule, DHHS will notify all affected parties and the Court's interpretation will be uniformly applied.

The Court finds that in this case, Petitioners have not shown that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy." M.R. Civ. P. 23(b)(3). Considering the facts and procedural posture of the current case, the Court finds that class certification is unnecessary for the award of relief sought by Petitioners. Therefore, the Court denies Petitioners' Motion for Class Certification.

C. Motion for Preliminary Injunction

Petitioners move the Court to grant a preliminary injunction enjoining Mary Mayhew, DHHS, and all agents and employees thereof from denying the named Petitioners and all members of the proposed class food supplement benefits.

6

"The party seeking a preliminary or permanent injunction generally has the burden of demonstrating to the Court that the following four criteria are met: (1) that plaintiff will suffer irreparable injury if the injunction is not granted, (2) that such injury outweighs any harm which granting the injunctive relief would inflict on the defendant, (3) that that has exhibited a likelihood of success on the merits (at most, a probability; at least, a substantial possibility), and (4) that the public interest will not be adversely affected by granting the injunction." *Ingraham v. University of Maine at Orono*, 441 A.2d 691, 693 (Me. 1982); *Bangor Historic Track, Inc. v. Department of Agriculture*, 2003 ME 140, ¶ 9, 837 A.2d 129, 132. Failure to demonstrate that any one of these criteria is met requires that injunctive relief be denied. *Town of Charleston v. Sch. Admin. Dist. No. 68*, 2002 ME 95, PP6-7, 798 A.2d 1102, 1104. The *Ingraham* criteria are not to be applied in isolation from each other; rather, the court should weigh all of these factors together in determining whether injunctive relief is proper in the specific circumstances of each case. *See Developments in the Law -- Injunctions*, 78 Harv. L. Rev. 994, 1056 (1965) ("Clear evidence of irreparable injury should result in a less stringent requirement of certainty of victory; greater certainty of victory should result in a less stringent requirement of proof of irreparable injury") (footnote omitted). *Emerson*, 563 A.2d 762.

DHHS argues that Petitioners are unlikely to succeed on the merits and therefore the preliminary injunction should not issue. DHHS alleges that the language of the statute clearly limits the eligibility of unemployed individuals with work authorization to either the amount budgeted or to an end date of July 15, 2015. Petitioners argue that the statute itself does not limit the food supplement benefit eligibility of unemployed individuals with work

7

authorization, and even if it did, any limitation ends on June 30, 2015. Furthermore, Petitioners argue that the rule goes beyond the rulemaking authority of DHHS.

On an 80C administrative appeal, the Court's review is "deferential and limited." *Watts v. Bd. of Envtl. Prot.*, 2014 ME 91, ¶ 5, 97 A.3d 115. The Court only reviews adjudicatory decisions "for abuse of discretion, errors of law, or findings not supported by the substantial evidence in the record." *Wyman v. Town of Phippsburg*, 2009 ME 77, ¶ 8, 976 A.2d 985. The Court will "not vacate an agency's decision unless it: violates the Constitution or statutes; exceeds the agency's authority; is procedurally unlawful; is arbitrary or capricious; constitutes an abuse of discretion; is affected by bias or an error of law; or is unsupported by the evidence in the record." *Kroeger v. Dep't of Envtl. Prot.*, 2005 ME 50, ¶ 7, 870 A.2d 566.

The Court reviews issues of statutory and constitutional interpretation de novo. *Munjoy Sporting & Ath. Club v. Dow*, 2000 ME 141, ¶ 7, 755 A.2d 531. The party attempting to vacate the agency's decision bears the burden of persuasion. *Town of Jay v. Androscoggin Energy, LLC*, 2003 ME 64, ¶ 10, 822 A.2d 1114. If the agency's decision was committed to the reasonable discretion of the agency, the party appealing has the burden of demonstrating that the agency abused its discretion in reaching the decision. *See Sager v. Town of Bowdoinham*, 2004 ME 40, ¶ 11, 845 A.2d 567. "An abuse of discretion may be found where an appellant demonstrates that the decision maker exceeded the bounds of the reasonable choices available to it, considering the facts and circumstances of the particular case and the governing law." *Id.* Ultimately, the petitioner must prove that "no competent evidence" supports the agency's decision. *Seider v. Bd. of Examiners of*

8

*Psychologists*, 2000 ME 206, ¶ 9, 762 A.2d 551 (citing *Bischoff v. Bd. of Trustees*, 661 A.2d 167, 170 (Me. 1995)). The mere fact that there is "[i]nconsistent evidence will not render an agency decision unsupported." *Id.*

Petitioners argue that, interpreting the only language of the statute, there is no limitation to the food supplement benefit eligibility of unemployed noncitizens with work authorization. DHHS argues that the intent of statue and accompanying regulation is clear and limits eligibility. The regulation, rather than the statute, provides the language of limitation.

Review of DHHS's interpretation of statute is performed in the following manner:

> First, the court decides de novo whether the statute is ambiguous or unambiguous.
>
> Second, if the statute is unambiguous, the statute is construed directly, without deference to the agency's interpretation on the question of law. An agency cannot, by regulation, create an ambiguity in interpretation of a statute that does not otherwise exist.
>
> Third, if the statute is viewed as ambiguous, the agency's interpretation, although not conclusive, is reviewed with great deference and will be upheld unless contrary to the plain meaning of the statute.

Donald G. Alexander, Maine Appellate Practice § 8(b)(3) (4th ed. 2013); citations omitted, *citing City of Bangor v. Penobscot County*, 2005 ME 35, ¶ 9, 868 A.2d 177; *Whitney v. Wal-Mart Stores, Inc.*, 2006 ME 37, ¶¶ 22-23, 895 A.2d 309; *Dep't of Corrections v. Pub. Utils. Comm'n*, 2009 ME 40, ¶ 8, 968 A.2d 1047; *S.D. Warren Co. v. Bd. Of Environmental Prot.*, 2005 ME 27, ¶¶ 4-5, 868 A.2d 210, *aff'd*, 547 U.D. 370, 126 S. Ct. 1843 (2006); *Kane v. Commissioner of Dep't of Health and Human Servs*, 2008 ME 185, ¶ 12, 960 A.2d 1196.

The parties have addressed in briefing and at oral argument whether they believed the statute was ambiguous. Petitioners claimed both in briefing and at oral argument that it was not, while the Respondent conceded at oral argument that it was not. However, neither party addressed the related but different issues of whether the statute is silent on the points of temporal and fiscal limitations, whether the statute is presumed to be in effect unless and until repealed or amended by the legislature, and how these determinations might affect the Court's analysis and standard of review when comparing the statute to the regulation. See *Goodrich v. Me. Pub. Eml.s Ret. Sys.*, 2002 ME 95, ¶ 6, 48 A.3d 212 ("When a statute administered by an agency is silent or ambiguous on a particular point, we will review whether the agency's interpretation of the statute is reasonable and uphold its interpretation unless the statute plainly compels a contrary result.")

The Court seeks further argument from the parties on three matters. The first is whether the statute is silent, as opposed to ambiguous, on temporal and fiscal limitations. Second, if the issue is silence as opposed to ambiguity, the parties should address whether this creates a conflict between the statute and the regulation or whether this regulation as promulgated falls within the agency's broad rulemaking authority. See *Coulombe v. Anthem Blue Cross/Blue Shield of Me.*, 2002 ME 163, ¶ 17, 809 A.2d 613 . Third, the parties should address whether the statute should be presumed to be in effect unless and until repealed or amended by the legislature.

The Court sets out a briefing schedule below.

IV.    Conclusion

The Court Denies Petitioner's Motion to Certify the Class.

10

The Court Grants Respondent's Motion to Dismiss the Claims as Duplicative.

The Court Denies Petitioner's Motion to Specify the Future Proceedings

The Court Seeks Memoranda of Law by the Parties concerning the law of statutory interpretation as described above according to the following schedule:

- Petitioners shall file a memorandum of law on **August 12, 2016**

- Respondents shall file a memorandum of law on **September 9, 2016**

After the memoranda have been filed, the Court will either take the matter under advisement on the papers or set a date for oral argument.

The Clerk is directed to incorporate this Order into the docket by reference in accordance with M.R. Civ. P. 79(a).

DATE: 6/28/16

**Michaela Murphy**
**Justice, Superior Court**

11