STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE-23-59

ANN M. WHITE and
BARRY D. WHITE,

Plaintiffs

v.

CHRISTINE HORNER and
MARK HORNER, Trustees of the
Christine Horner Trust,

Defendants,

**ORDER ON MOTION TO
DISSOLVE TEMPORARY
RESTRAINING ORDER**

REC'D CUMB CLERKS OF(
JUL 21 '23 PM3:19

Before the Court is Plaintiffs Ann and Barry White's Motion for Preliminary Injunction and Defendants Christine and Mark Horner's Motion to Dissolve Temporary Restraining Order. On June 2, 2023, Plaintiffs moved for an *ex parte* temporary restraining order ("TRO") and preliminary injunction requesting Defendants be enjoined from relocating an easement over Defendants' land benefitting Plaintiffs. The Court granted the TRO on June 6, 2023. On June 16, 2023, Defendants moved to dissolve the TRO and to oppose the preliminary injunction. Plaintiffs opposed that motion. By agreement of the parties, and after a telephonic conference held on June 27, 2023, the Court consolidated the pending matters and held a contested hearing on the motions on July 18, 2023. After considering the arguments presented at hearing and the submissions of both parties, the Court grants the Defendants' motion in part and dissolves the TRO in part. Defendants are to allow Plaintiffs including their service providers, access to Long Point Island over the new road, pending final disposition of the easement-related issues in this case, but in all other respects Plaintiffs motion for preliminary injunction is denied.

Plaintiffs-Ryan Dumais, Esq.
Defendants-Keith Richard, Esq.

**Legal Standard**

After the court enters an ex parte TRO, "the adverse party may appear and move [for] its dissolution or modification...." M.R. Civ. P. 65(a). A court should only grant injunctive relief by TRO when it "clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant." *Id.* The moving party must show that it will suffer irreparable injury without the injunction, the movant's injury outweighs the harm to the enjoined party, it is likely to succeed on the merits, and continuing the injunction will not adversely affect the public interest. *See Bangor Historic Track, Inc. v. Dep't of Agric.*, 2003 ME 140, ¶ 9, 837 A.2d 129 (citing M.R. Civ. P. 65). Irreparable injury is "injury for which there is no adequate remedy at law...." *Bar Harbor Banking & Tr. Co. v. Alexander*, 411 A.2d 74, 79 (Me. 1980). "Failure to demonstrate that any one of these criteria are met requires that injunctive relief be denied." *Bangor Historic Track*, 2003 ME 140, ¶ 10, 837 A.2d 129 (citing *Charleston v. Sch. Admin. Dist. No. 68*, 2002 ME 95, ¶¶ 6-7, 798 A.2d 1102).

**Discussion**

After review of the initial submissions from Plaintiffs, the Court found that Plaintiffs had carried their burden, and it issued a TRO. However, after review of the materials submitted both in support and opposing the TRO, the Court dissolves the TRO in part.

The Court finds that Plaintiffs have not met their burden on the irreparable harm prong. The evidence does not clearly show that Plaintiffs will lose significant easement rights. The parties dispute whether Plaintiffs consented to Defendants' relocating the easement and whether service vehicles can access Long Point Island by the new road. The Court finds that nonconsensual relocation of the easement without loss of access does not constitute irreparable harm because it is

2

reparable by damages. As to the dispute about whether service vehicles can use the easement in its new location, the Court finds that Plaintiffs have not shown clearly that the easement in its new location will not or does not allow travel by service vehicles, especially considering Defendants' showing that construction vehicles have recently used the new road. Therefore, to the extent the TRO prohibited Defendants from pursuing relocation of the easement, it is dissolved.

Due to Plaintiffs' concerns that Defendants or their agents may refuse to let Plaintiffs use new road in exercise of their easement rights, the TRO is not wholly dissolved. By consent of the parties expressed at hearing, the Court orders the Defendants to allow Plaintiffs, including their service providers, access to Long Point Island over the new road, pending final disposition of the easement-related issues in this case.

The entry is

Preliminary Injunction is GRANTED IN PART and DENIED IN PART

Motion to Dissolve Temporary Restraining Order is GRANTED IN PART and DENIED IN PART. Defendants are ordered to permit access to Long Point Island over the new dirt road, all other aspects of the TRO are dissolved, and any other Injunctive Relief is denied.

The clerk is directed to enter this order on the docket by reference. M.R. Civ. P. 79(a).

Date: July 21, 2023

Deborah P. Cashman
Justice, Maine Superior Court